UNITED STATES of America,
Plaintiff—Appellee,

v.

Rand William WEST, Defendant—
Appellant.

No. 00–10197.
D.C. No. CR–98–00633–5–HG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2001.
Submission Withdrawn May 31, 2001.
Resubmitted and Decided Aug. 5, 2002.*

---

* We deferred submission of this case pending disposition of *United States v. Renteria,* 2002 WL 1902669, No. 99–50619 (9th Cir.2002). Because the panel in *Renteria* has vacated submission, and because Defendant's consti- tutional challenge to 21 U.S.C. § 841 is fore- closed by our ruling in *United States v. Buck- land,* 289 F.3d 558 (9th Cir.2002) (en banc), there is no need to continue to defer submis- sion of this case.

Before B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

### MEMORANDUM **

Defendant appeals his sentence of 121 months of imprisonment after pleading guilty to conspiring to possess with intent to distribute more than 100 grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846 and to receiving drug proceeds through Western Union in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (2). We affirm his sentence.

As the parties are familiar with the facts, we discuss only those necessary to our disposition.

### 1. Alleged *Apprendi* Error

Defendant contends that his sentence under 21 U.S.C. §§ 841 and 846 was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the district court did not determine the quantity of drugs beyond a reasonable doubt. Defendant pled guilty to conspiring to possess with intent to distribute more than 100 grams of methamphetamine, as alleged in the indictment.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

■ When the drug quantity exposes a defendant to a higher statutory maximum sentence than he would otherwise receive, Rule 11(c)(1) and due process require the district court to advise the defendant that the government would have to prove drug quantity to the jury beyond a reasonable doubt. *United States v. Minore,* 292 F.3d 1109, 1117 (9th Cir.2002). In this case, the drug quantity exposed Defendant to a higher statutory maximum sentence, life; his sentence exposure otherwise would have been a maximum of 20 years. The district court erred when it did not inform Defendant that the government would have to prove the quantity to a jury beyond a reasonable doubt.

■ We review this Rule 11 error for plain error, which we will correct only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Minore,* 292 F.3d at 1112. Here, as in *Minore,* we find no such error. Defendant explicitly informed the district court that he was not objecting to the drug quantity determination of 1360.8 grams in the Presentence Investigation Report ("PSR"). Thus, Defendant unequivocally admitted that he should be held responsible for an amount of drugs far in excess of the 100 grams required to expose him to a statutory maximum sentence of life in prison. His guilty plea, therefore, stands.

"A plea of guilty . . . is itself a conviction. . . ." *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Standen v. Whitley,* 994 F.2d 1417, 1422 (9th Cir.1993) (same). By pleading guilty, Defendant waived his right to have a jury determine the quantity of drugs.

Thus, in these circumstances, Defendant was properly sentenced under 21 U.S.C. § 841(b)(1)(A).[1] *See United States v. Silva,* 247 F.3d 1051, 1060 (9th Cir.2001) (holding that there was no *Apprendi* error when the defendants pled guilty to conspiring to manufacture with intent to distribute 50 grams or more of methamphetamine, because their sentences of over 20 years in prison fell within the statutory range for the crime to which they pled guilty). In any event, Defendant's sentence was below § 841(b)(1)(C)'s lower 20-year statutory maximum for any amount of methamphetamine. *See United States v. Scheele,* 231 F.3d 492, 497 n. 2 (9th Cir. 2000).

Any claim that § 841 is facially unconstitutional is foreclosed by *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc).[2]

## 2. Calculation of the Offense Level

■ Defendant contends that the district court committed clear error when it adopted the drug quantities (for a total of 1360.8 grams) from the PSR, which included both the one pound specified in PSR ¶¶ 11–12 and the two pounds from PSR ¶ 16. On appeal, Defendant denies responsibility for the latter and suggests that the PSR may have somehow double-counted the same drugs. Defendant also contends that the added quantity may be part of a proffer made by Defendant when he cooperated with authorities after his arrest.[3] We reject these arguments.

First, Defendant did not object to the PSR's quantity determination at the sen-

---

1. The penalty for conspiring to commit an offense is the same as the penalty for the underlying offense. 21 U.S.C. § 846.

2. Further, Defendant's contention that his five-year term of supervised release violates

*Apprendi* is foreclosed by *United States v. Barragan,* 263 F.3d 919, 925–26 (9th Cir.2001).

3. We grant Appellant's Motion for Leave to Supplement the Record on Appeal to include the proffer letter in the record.

tencing hearing before the district court. Indeed, the district court specifically inquired about this, to which Defendant's counsel responded, "We're not objecting to the amount of drugs."

Second, the district court's factual determinations were not clearly erroneous. *See United States v. Asagba,* 77 F.3d 324, 325 (9th Cir.1996) (holding that we review a district court's factual findings in the sentencing phase for clear error). A district court may adopt the factual findings of the PSR if they are supported by a preponderance of the evidence, *id.,* but it may not adopt "conclusory statements unsupported by the facts or the Guidelines." *United States v. Navarro,* 979 F.2d 786, 789 (9th Cir.1992). Here, the PSR provided details (statement of co-defendant Tabieros) linking Defendant to the additional two pounds of methamphetamine. Defendant's unsupported assertions that he was not involved with the two pounds of methamphetamine do not demonstrate that the district court's factual findings were clearly erroneous.

Third, even if the district court erred by adopting the drug quantities in the PSR, there was no prejudice. The quantity in dispute had no affect on either the sentencing guideline range or the statutory sentence. Although the additional quantity of drugs increased the base offense level from 30 to 32, the district court was required to increase the offense level to 37 because the Sentencing Guidelines specify this offense level for any career offender convicted of a controlled substance offense with an offense statutory maximum of life imprisonment.[4] See U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1(A).

### 3. Mitigating Role

■ Defendant also argues that the district court erred in refusing to reduce the offense level pursuant to U.S.S.G. § 3B1.2 because he was a "minimal" or "minor" participant in the drug scheme. Defendant maintains that he was only performing a favor for a friend and should have been eligible for an appropriate reduction.

Although Defendant was not the mastermind of the drug operation, he handled at least one pound of methamphetamine on several occasions, he made deliveries and pickups to the cooperating source, and he received a Western Union wire of drug proceeds. The district court's finding that he was not entitled to minor or minimal participant status was not clearly erroneous. *See, e.g., United States v. Hursh,* 217 F.3d 761, 769 (9th Cir.2000) (affirming the district court's ruling that a driver who knew that marijuana was hidden in the gas tank was not entitled to a downward departure under § 3B1.2); *United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994) (holding that the district court did not commit clear error by denying a downward adjustment under § 3B1.2 to a courier who knew that he was carrying drugs and who was prepared to accept $6400 from an undercover agent).

### 4. Reduction of Criminal History Category

Defendant acknowledges that the district court exercised its discretion and re-

---

**4.** By pleading guilty to Count One, Defendant admitted that he conspired to possess with intent to distribute more than 100 grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. For the reasons explained above, his guilty plea stands. In light of this conviction, the maximum penalty under § 841 was life in prison. Thus, the maximum penalty was a direct result of his conviction, and not the result of a separate finding by the district court. *Cf. United States v. Saya,* 247 F.3d 929, 941–42 (9th Cir.2001) (finding an *Apprendi* error when the district court calculated the statutory maximum sentence based on its own determination of drug quantity).

duced his criminal history category of VI (for being a career offender) to category IV, U.S.S.G. § 4A1.3, but argues that the reduction should have been made before (instead of after) the district court granted the government's motion for downward departure. The government's motion, however, concerned a downward departure of the offense level, not the criminal history category. Defendant fails to explain how the change in order would have affected the district court's sentencing calculations.

■ Defendant also argues that the district court should have departed from Defendant's initial criminal history category III before it was "doubled" to category VI as a career offender under U.S.S.G. § 4B1.1. Section 4B1.1, however, does not double a defendant's criminal history category. Instead, it specifies an automatic category VI classification for every career offender. Thus, if the district court had applied its reduction to Defendant's initial category III classification, the reduction would have been irrelevant after the required career offender adjustment.

■ To the extent Defendant seeks a further reduction of his criminal history category beyond the two levels that the district court already granted, we lack jurisdiction to review such a claim. *See United States v. Ruiz,* 241 F.3d 1157, 1161–62 (9th Cir.2001).

**5. Ineffective Assistance of Counsel**

■ Finally, Defendant claims that his trial counsel provided ineffective assistance of counsel by failing to adequately challenge the calculation of his sentence under the Guidelines. "Claims of ineffective assistance of counsel are generally inappropriate on direct appeal. Such claims normally should be raised in habeas corpus proceedings, which permit counsel to develop a record as to what counsel did, why it was done, and what, if any, prejudice

resulted." *United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000) (internal citation and quotation marks omitted).

Here, the record is not adequately developed to review this claim. Accordingly, we decline to review it on direct appeal without the benefit of the type of additional evidence available only through a habeas corpus proceeding.

AFFIRMED.