**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Julius ASAGBA, Defendant–Appellee.**

**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Kenneth TAYLOR, Defendant–Appellee.**

**Nos. 95–10139, 95–10197.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 1996.

Decided Feb. 27, 1996.

Theresa J. Canepa and Stephanie Hinds, Assistant United States Attorneys, San Francisco, California, for plaintiff-appellant.

Nina Wilder, Weinberg & Wilder, San Francisco, California, for defendant-appellee Asagba.

Gregor D. Guy–Smith, San Francisco, California, for defendant-appellee Taylor.

Before: LAY \*, GOODWIN and PREGERSON, Circuit Judges.

Opinion by Judge GOODWIN; Dissent by Judge PREGERSON.

## OPINION

GOODWIN, Circuit Judge.

The only substantial question in this consolidated appeal by the government from what it contends were legally inadequate sentences is the degree of deference due the district court in its fact-finding function in the imposition of a guideline sentence.

## FACTS

Taylor and Asagba were convicted following separate jury trials of one count of violating 21 U.S.C. § 846—conspiracy to distribute heroin and cocaine. The two defendants were caught in an investigation that netted some 18 codefendants charged in a series of multiple-count indictments after Taylor and Asagba were arrested in a Washington, D.C. hotel room. Taylor had 7.8 grams of heroin still in his alimentary canal, and his room contained 46 empty condoms that had been wrapped with electrical tape, swallowed, passed through some person's digestive system, emptied of their load of heroin, and had not yet been disposed of when the officers arrived to make the arrest. The two defendants were convicted of conspiracy to distribute heroin and were sentenced to a term of custody fixed under the guidelines by the 7.8 grams proven to have been carried by Taylor.

Asagba, Taylor told the officers, was sent with Taylor by one Chris Uwueche, to guard against any misdelivery by Taylor of the contents of his alimentary canal, which it had taken him two days to swallow, or any possible peculation with the proceeds of any delivery that might be made. Apparently, the officers arrived in time to retrieve only one full capsule from Taylor's body, together with the empties that contained residues of heroin and of digestive egesta. No other defendants or charges are involved in this appeal. Taylor refused to testify in Asagba's trial or in his sentence hearing.

## QUESTION OF FACT

The only fact question at the time of sentencing was the number of grams transported by Taylor, escorted by Asagba. The government argued that Uwueche would not have purchased two airplane tickets for Taylor and Asagba to fly from Amsterdam to Frankfurt to Newark to Washington, D.C. merely to deliver 7.8 grams of heroin and 46 empty condoms containing only heroin residue.

The defendants argued that because mandatory minimum sentences in narcotics cases are often based upon volume of contraband proved in a conspiracy to distribute, the trial court correctly based the sentences of Taylor and Asagba on the 7.8 grams proved by physical evidence to have been carried by Taylor.

## STANDARD OF REVIEW

This appears to be one of those cases that actually turns on the standard of review by which this court is instructed to decide whether a sentencing court correctly applied the statutory rules and sentencing guidelines.

We review factual findings made at the sentencing phase for clear error. *United States v. Buenrostro–Torres*, 24 F.3d 1173, 1174 (9th Cir.1994). The determination of the quantity of narcotics involved in an offense is a factual finding. *United States v. Vaandering*, 50 F.3d 696, 704 (9th Cir.1995). District courts must make factual findings supported by a preponderance of the evidence in order to apply the sentencing guidelines. *United States v. Wilson*, 900 F.2d 1350 (9th Cir.1990).

\* Honorable Donald P. Lay, United States Court of Appeals for the Eighth Circuit, sitting by designa-
tion.

■ Review under the clearly erroneous standard is significantly deferential, requiring for reversal a definite and firm conviction that a mistake has been made. *Concrete Pipe & Prod. v. Const. Laborers Pension Trust*, 508 U.S. 602, 623–25, 113 S.Ct. 2264, 2280, 124 L.Ed.2d 539 (1993). The standard does not entitle a reviewing court to reverse the finding of the trial court simply because the reviewing court might have decided differently. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

■ Taylor's own out of court statement, which was admissible against Taylor, was substantial evidence that Taylor carried more than the 7.8 grams of heroin used in his sentencing. Federal Rule of Evidence 801(d)(2)(A). Taylor's statement, while hearsay as to Asagba on the amount of contraband Asagba escorted, could be received for sentencing purposes because it was reliable evidence, given against Taylor's interest, and clearly corroborated by physical evidence and the circumstances under which the evidence was found. *Williams v. New York*, 337 U.S. 241, 246, 69 S.Ct. 1079, 1082–83, 93 L.Ed. 1337 (1949) (probation report admissible on sentencing). In *U.S. v. Petty*, 982 F.2d 1365, 1367–68 (9th Cir.1993), we held that reliable hearsay could be used in sentencing, and pointed out that U.S.S.G. § 6A1.3(a) specifically so provides. Because both Asagba and Taylor had already been found by two different juries to be members of the same conspiracy, and because they were arrested together with the empty packages and were then engaged in the course of the conspiracy, Taylor's voluntary statement to the officers was corroborated and reliable, even though not "in furtherance of the conspiracy." See, e.g., *United States v. Manning*, 56 F.3d 1188, 1197–98 (9th Cir.1995) (applying Fed.R.Evidence 801(d)(2)(E), making an exception to the hearsay rule even in the guilt or innocence trial phase where the statement by the coconspirator is made in the course of the conspiracy and also in furtherance thereof).

On appeal, the government maintains that the trial judge erred in choosing to ignore the high probability that some volume, estimated by the prosecution to be in excess of 360 grams, had indeed been carried into the hotel room by Taylor and disposed of before the intervention of the officers. It is not necessary to agree with the government's estimate of the exact number of grams to say with confidence that a finding of only 7.8 grams is clearly contrary to the preponderance of the evidence.

The district court observed that the preponderance of the evidence standard is not met simply by allowing the government to multiply 46 empty containers by the number of grams proven to have been contained by the only full container falling into the government's possession. If the one full container and the 46 empties were the only evidence before the court, that observation would be sufficient to survive deferential review. But there was much more evidence before the court than the unsatisfactory condition of the empty containers. Taylor's statement to the officers was competent evidence to satisfy the preponderance requirement for sentencing, and it filled in most, if not all, of the blanks in the physical evidence when examined by itself.

The sentencing court understandably was concerned about the probative value of the pellet fragments which had reached the lab clumped together. Most were not tested. Even if every fragment did contain traces of heroin, which was never directly proven to be a fact, the district court could reasonably refuse to find that Taylor had transported 300 grams. Thus the government's assertion that the district court had to find that at least 300 grams of heroin were transported overstates the court's duty to weigh the evidence. The government is, however, entitled to expect the trier to take a good look at all the relevant evidence. Some substantial volume of heroin above 7.8 grams would appear to be unavoidable, given Taylor's statements to the effect that Asagba had given Taylor laxatives and had supervised the two days of swallowing and the collection of 46 or 47 pellets containing the merchandise, and the repackaging and disposition of the contents of the pellets.

In *United States v. Gonzalez–Sanchez*, 953 F.2d 1184, 1188 (9th Cir.1992), we held that it

would have been clearly erroneous for the district court to have found that a defendant, whom narcotics agents caught flushing his toilet, was flushing a certain amount of heroin for the purposes of applying the sentencing guidelines. The government in that case had no evidence showing the person interrupted in flushing the toilet had dumped a particular quantity, or indeed, any quantity of heroin into the roaring waters. Here the government, by way of contrast, offered physical proof of an amount of drugs swallowed, 7.8 grams in a pellet of heroin, and the empty containers of 46 additional pellets with heroin residue, which Taylor described in detail how the contraband was packed, how it was swallowed, and how it was collected. In view of the admissibility of the evidence, it was clearly a preponderance in favor of the government's assertion that a substantial amount of heroin had been transported and distributed by the defendants in accordance with the conspiracy.

With all respect to the experienced trial judge, we must reluctantly conclude that some substantial quantity approaching the volume Taylor admitted to swallowing and carrying, had indeed traveled under Asagba's escort as shown by the proof at trial. To limit the sentence to the schedule called for in a transaction involving less than 10 grams, on the evidence put on by the government at the sentence hearing leaves us with the firm conviction that a mistake has been made. Because the finding of 7.8 grams was clearly erroneous, the case must be remanded for factual findings based on a reasonable evaluation of the evidence, including Taylor's out of court admissions to the officers, and the record as a whole.

Reversed and remanded for resentencing.

PREGERSON, Circuit Judge, dissenting:

I dissent. I see no reason to reverse and remand for further proceedings. Here, after considering what it regarded as reliable evidence, the district court refused to base its sentencing decision on what it regarded as speculation. I cannot say that the district court abused its discretion. *United States v.*

*Ponce,* 51 F.3d 820, 828 (9th Cir.1995). I would affirm.