**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Armenta LOPEZ, aka, Jose Luis**
**Bueno Zazueta; aka Jose Lopez**
**Armenta, Defendant—Appellant.**

No. 00–30361.

D.C. No. CR–00–00218–HA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2002.

Decided May 22, 2002.

Before TROTT and T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

## MEMORANDUM **

Jose Armente Lopez pled guilty to, and was sentenced for, possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He now appeals his sentence. Appellant claims that the district court erred when it used the quantity of drugs found in the SE Division Street apartment to determine his base offense level. We have jurisdiction to hear this appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

A determination of the quantity of drugs involved in a criminal offense is a factual finding.[1] The district court's factual findings must be supported by a preponderance of the evidence.[2] We review those factual findings for clear error.[3] We will overturn a district court's findings only if we have a firm and definite conviction that the court made a mistake.[4]

The district court did not clearly err when it determined that Appellant was responsible for the cocaine found in the Division Street apartment. Although the district court relied on the statements of Garcia Lopez to make its finding, other evidence corroborated those statements and provided additional support for the court's finding. Garcia Lopez told the agents that Appellant helped pay the rent on the Division Street apartment, had keys to the apartment, and came and went as he pleased. Garcia Lopez also stated that Appellant and his brother brought the air compressor to the apartment. These hearsay statements alone might not be enough to find by a preponderance of the evidence that Appellant possessed the drugs found in the apartment.[5] However, other evidence provided the necessary corroboration for the district court to consider Garcia Lopez's statements.[6]

Additional evidence that tied Appellant to the Division Street apartment came from Appellant himself, his brother, and their friend Jose Soberanes. Appellant was with his brother, Javier, when the two were arrested at the storage locker. Agents found $2,500.00 and a set of electronic scales on Appellant at the storage locker. The agents had previously observed Javier's car at the Division Street apartment, and Javier had keys to the dead bolt and doorknob locks of the apartment on him when he was arrested. Both Javier and Appellant consented in writing to the search of the apartment after their arrest.

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *United States v. Asagba*, 77 F.3d 324, 325 (9th Cir.1996).

2. *Id.*

3. *Id.*

4. *Id.* at 326.

5. *United States v. Egge*, 223 F.3d 1128, 1132 (9th Cir.2000) ("[I]nadmissible evidence cannot be considered [at sentencing] if it lacks sufficient indicia of reliability to support its probable accuracy.") (internal quotation marks and citation omitted) (alteration in original).

6. *Id.* (requiring that extrinsic corroborating evidence support the hearsay statements).

At the apartment, the agents discovered cocaine in a vehicle air conditioning compressor, just like in the storage unit. The compressor had been lined with the same type of paper towels in the same manner as the compressor in the storage unit. Finally, while agents were still at the apartment, Soberanes arrived and told the agents that Appellant and his brother had called him after they had been arrested. He also told the agents that Appellant and his brother paid the rent on the apartment. All of this evidence substantially corroborates Garcia Lopez's statements and provides additional support for the district court's conclusion that Appellant was responsible for the cocaine found at the Division Street apartment. We therefore affirm the district court.

AFFIRMED.