UNITED STATES of America,
Plaintiff—Appellee,

v.

Siokatame HAFOKA, aka "Joe
Hafoka" "Big Joe", De-
fendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Richard Brown Taumoepeau, aka Tiki,
aka Haumeti, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Sosaia Liufau, aka Big Saia,
Defendant—Appellant.

Nos. 99–10619, 00–10047, 00–10154.
D.C. Nos. CR–97–01199–5–DAE, CR–97–
01199–DAE, CR–97–01199–09–DAE.

United States Court of Appeals,
Ninth Circuit.

Argued Oct. 31, 2001.

Submitted May 9, 2002.

Decided May 31, 2002.

Before THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

### MEMORANDUM *

Siokatame Hafoka, Richard Brown Taumoepeau, and Sosaia Liufau appeal their convictions and sentences for conspiracy to distribute and possess with intent to distribute in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm. Because the parties are familiar with the facts, we recount them here only as necessary to explain our decision.

■ 1. Appellants contend that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires that the prosecution prove to the jury beyond a reasonable doubt that the defendant knew the quantity of drugs involved in the offense. This argument is foreclosed by the recent decision in *United States v. Carranza,* 289 F.3d 634, 2002 WL 841175, at *7 (9th Cir. May 3, 2002) ("Ap-

*prendi* did not change the long established rule that the government need not prove that the defendant knew the *type* and *amount* of a controlled substance that he ... possessed; the government need only show that the defendant knew that he ... possessed *some* controlled substance.").

2. Appellants contend that there was insufficient evidence to prove the single conspiracy alleged in the indictment. As a result, appellants maintain, their convictions must have been for multiple conspiracies, resulting in a constructive amendment of, or fatal variance from, the indictment. This question is essentially a question of sufficiency of the evidence to prove a single conspiracy. *United States v. Bibbero,* 749 F.2d 581, 586 (9th Cir. 1984).

Viewing the evidence in the light most favorable to the prosecution, *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), we conclude that there was sufficient evidence to enable a reasonable juror to find beyond a reasonable doubt that there was a single overall conspiracy. *Bibbero,* 749 F.2d at 587 ("A single conspiracy may involve several subagreements or subgroups of conspirators."). Moreover, the jury instructions were consistent with the indictment in requiring that the jury find the existence of a single conspiracy before it could convict any of the defendants. Thus, the resulting convictions were for participation in the single conspiracy alleged in the indictment and did not represent a constructive amendment of, or a fatal variance from, the indictment.

■ 3. Appellants' argument that the jury instructions were misleading is also without merit. Because the government

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

need not prove the defendant's knowledge of drug quantity to the jury beyond a reasonable doubt, the district court's failure to include such an instruction to the jury was not an abuse of discretion. *Carranza,* 289 F.3d 634, 643. Additionally, the jury instructions properly stated that the jury must find enough evidence to establish beyond a reasonable doubt the existence of a single conspiracy as alleged in the indictment.

■ 4. Any *Apprendi* error resulting from the district court's failure to prove drug quantity to the jury beyond a reasonable doubt did not amount to plain error warranting reversal. *United States v. Buckland,* 289 F.3d 558, 2002 WL 857751, at *8 (9th Cir. May 7, 2002). Hafoka's actual sentence was less than the 20–year statutory maximum authorized by 21 U.S.C. § 841(a)(1)(C) for an indeterminate amount of cocaine. *Apprendi* does not prevent a judge from making drug quantity findings for the purposes of applying the sentencing guidelines when the resulting sentence does not exceed the statutory maximum. *United States v. Johansson,* 249 F.3d 848, 861–62 (9th Cir.2001).

■ Although Taumoepeau received a sentence of 40 years and Liufau received a sentence of 293 months—both in excess of the 20–year statutory maximum authorized by 21 U.S.C. § 841(a)(1)(C)—any *Apprendi* error did not affect their substantial rights.[1] To trigger the statutory maximum sentence of 40 years prescribed by 21 U.S.C. § 841(a)(1)(B), the government need only have proved that the conspiracy involved 500 grams of cocaine. There was overwhelming evidence that the conspiracy involved in excess of 500 grams of cocaine, including a stipulation as to certain amounts—totaling 13 kilograms—seized

from members of the conspiracy, testimony from many co-conspirators regarding the amount for which each defendant was responsible, and testimony and physical evidence provided by law enforcement who had intercepted cocaine from members of the conspiracy. Because the jury's verdict necessarily included a finding beyond a reasonable doubt that a *single* conspiracy existed, the failure to prove these amounts to the jury did not affect the outcome of the proceedings, and, accordingly, did not affect appellants' substantial rights. *Buckland,* 289 F.3d 558, 569.

Furthermore, the district court's specific findings of the quantity of cocaine for which each defendant was responsible were not clearly erroneous. *See United States v. Asagba,* 77 F.3d 324, 325 (9th Cir.1996).

AFFIRMED.

---

1. Neither Hafoka, Liufau, or Taumoepeau was affected by the statutory mandatory minimums, as each was sentenced within his Guidelines range.