UNITED STATES of America, Plaintiff–Appellee,

v.

Federico VILLANUEVA MAGALLON, Defendant–Appellant.

No. 01–50375.
D.C. No. CR–99–01581–1–NAJ.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2002.*

Decided July 22, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before KOZINSKI and FERNANDEZ, Circuit Judges, and KING,** District Judge.

## MEMORANDUM ***

Federico Villanueva Magallon appeals his conviction and sentence for various drug offenses involving the importation and distribution of marijuana. *See* 21 U.S.C. §§ 841(a)(1), 846, 952, 960, 963. We affirm in part, vacate in part, dismiss in part, and remand.

■ (1) Villanueva first attacks the failure of the district court to suppress marijuana which was seized upon service of a search warrant. The government had a warrant to search the premises at 792 Ada Street, Chula Vista, California (hereafter 792). Another garage and house were on the same property—784 Ada Street, Chula Vista, California (hereafter 784). Both 792 and 784 were entered, and drugs were discovered in the latter.

Villanueva possessed and controlled both 792 and 784 and, in fact, 784 was not being used as a separate residence by some

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

third, innocent party. From the record, it is clear that 784 was within the curtilage of 792. *See United States v. Cannon,* 264 F.3d 875, 881 (9th Cir.2001), *cert. denied,* — U.S. —, 122 S.Ct. 1097, 151 L.Ed.2d 994 (2002); *United States v. Johnson,* 256 F.3d 895, 901–04 (9th Cir. 2001) (en banc) (per curium); *id.* at 916–19 (separate opinion of Kozinski, J.); *Mena v. City of Simi Valley,* 226 F.3d 1031, 1038 (9th Cir.2000); *United States v. Ayers,* 924 F.2d 1468, 1480 (9th Cir.1991); *United States v. Frazin,* 780 F.2d 1461, 1467 (9th Cir.1986); *United States v. Alexander,* 761 F.2d 1294, 1300–01 (9th Cir.1985); *United States v. Whitten,* 706 F.2d 1000, 1008 (9th Cir.1983); *United States v. Whitney,* 633 F.2d 902, 907–08 (9th Cir.1980). Therefore, it was proper to search it on the strength of the 792 warrant. *See United States v. Gorman,* 104 F.3d 272, 273 (9th Cir.1996).

■ (2) Villanueva next asserts that even if the warrant was valid, the agents did not knock and announce before they entered 784. This boots him nothing. It is undisputed that the agents did knock and announce at 792, and they are not required to do so at each additional point of entry into structures within the curtilage. *See United States v. Crawford,* 657 F.2d 1041, 1044 (9th Cir.1981); *United States v. Bustamante–Gamez,* 488 F.2d 4, 10 (9th Cir.1973). At any rate, nobody was in the house at 784, so Villanueva cannot show any detriment from that failure.

■ (3) Villanueva then complains that the district court erred because it did not make an individualized determination regarding the amount of drugs for which he was responsible, but simply held him responsible for all of the drugs included in the whole conspiracy. We agree with him. An individualized determination is re-quired. *See* USSG § 1B1.3(a)(1)(B);[1] *id.* at comment. (n. 2); *United States v. Newland,* 116 F.3d 400, 405 (9th Cir.1997); *United States v. Petty,* 982 F.2d 1374, 1376–77 (9th Cir.1993). He is not automatically responsible for all of the drugs, including amounts not delivered to his site, and those imported before he joined the conspiracy. *See Petty,* 982 F.2d at 1376–77; *see also United States v. Carreon,* 11 F.3d 1225, 1235–36 (5th Cir.1994). In any event, we are in no position to make the necessary factual findings; we leave that to the district court on remand. *See Newland,* 116 F.3d at 405.

(4) The district court did not err when it enhanced Villanueva's offense score by two levels for possession of firearms during the offenses in question. *See* USSG § 2D1.1(b)(1); *United States v. Kyllo,* 37 F.3d 526, 531 (9th Cir.1994); *United States v. Pitts,* 6 F.3d 1366, 1368, 1372–73 (9th Cir.1993). Certainly, it was not improbable that the guns were possessed in connection with his large-scale drug activities at the premises.

■ (5) The district court did not clearly err when it determined that Villanueva supervised five people and, therefore, awarded him a three point upward adjustment while denying a two point downward adjustment for his claimed minor role. *See* USSG §§ 3B1.1, 3B1.2; *United States v. Asagba,* 77 F.3d 324, 325 (9th Cir.1996). At any rate, he did not actually have to supervise five people as long as five were involved and he supervised some of them. *See United States v. Munoz,* 233 F.3d 1117, 1136–37 (9th Cir.2000). Far more than five were involved here.

■ (6) Next, Villanueva asks us to reverse the district court's refusal to depart downward on the basis of claimed sentence entrapment. But nothing in the district court's decision indicates that it was un-

1. All references are to the Guidelines Manual effective November 1, 2000.

aware of its discretion to depart. Thus, we do not have jurisdiction to review that decision. *See United States v. Garcia–Garcia,* 927 F.2d 489, 491 (9th Cir.1991); *see also United States v. Tucker,* 133 F.3d 1208, 1219 (9th Cir.1998).

(7) In a last gasp, Villanueva asserts that 21 U.S.C. § 841(b) is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He is wrong. *See United States v. Buckland,* 289 F.3d 558, 562 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

Conviction AFFIRMED; sentence VACATED and REMANDED to determine the quantity of marijuana for which Villanueva is responsible (the district court need not revisit any other sentencing issues); appeal on departure issue DISMISSED.