**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Christopher Shawn TURNER,
Defendant—Appellant.**

No. 01–50490.

D.C. No. CR–01–00118–ER–2.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN, and
TASHIMA, Circuit Judges.

MEMORANDUM **

Christopher Shawn Turner appeals from
his sentence for armed robbery following
pleas of guilty to one count of conspiracy
to commit bank robbery, 18 U.S.C. § 371,
one count of bank robbery, 18 U.S.C.
§§ 2113(a) and (d), and one count of use of
a firearm during a crime of violence, 18
U.S.C. § 924(c). We have jurisdiction pur-
suant to 28 U.S.C. § 1291. We affirm.

We review for clear error the district
court's factual determinations at sentenc-
ing. *United States v. Asagba,* 77 F.3d 324,
325 (9th Cir.1996).

Contrary to Turner's contention, the dis-
trict court's factual findings were not
clearly erroneous. Instead, the district
court's factual findings were supported by
the presentence report and the declaration
of an FBI Special Agent. *See id.*

Turner also contends that the district
court erred by enhancing his robbery sen-
tence under U.S.S.G. § 2B3.1(b)(4)(B)
(providing a two-level enhancement "[i]f
any person was physically restrained to
facilitate commission of the offense"). Giv-
en Turner's application of force and the
sustained focus of the shotgun, the district
court properly applied a two-level enhance-
ment. *See United States v. Parker,* 241
F.3d 1114, 1118–119 (9th Cir.2001).

**AFFIRMED.**

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

