**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Billy Joel VILLAREAL, aka Rebel,**
**Defendant–Appellant.**

No. 02–30111.

D.C. No. CR–01–00085–SEH.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER and SILVERMAN, Circuit Judges.

MEMORANDUM**

Billy Joel Villareal appeals the 90–month sentence imposed following his guilty plea to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Villareal contends that the district court erred in relying on hearsay statements contained in the pre-sentence report (PSR) in attributing at least 5 kilograms of methamphetamine to him for sentencing purposes. Because the hearsay statements contained in the PSR were sufficiently corroborated to provide the minimal indicia of reliability necessary to qualify the statements for consideration at sentencing, the district court was entitled to consider them. *See United States v. Berry,* 258 F.3d 971, 976–77 (9th Cir.2001) ("[H]earsay statements by co-defendants that are consistent with each other may be deemed sufficiently reliable even if such statements are self-serving and contrary to the testimony of the defendant."). The district court therefore did not clearly err in its calculation of the drug amount for which Villareal was responsible. *See United States v. Asagba,* 77 F.3d 324, 325 (9th Cir.1996) ("District courts must make factual findings supported by a preponderance of the evidence in order to apply the sentencing guidelines.").

**AFFIRMED.**

**Zackery D. HUNT, Plaintiff—**
**Appellant,**

v.

**Matthew C. KRAMER, Warden; et**
**al., Defendants—Appellees.**

No. 02–15185.

D.C. No. CV–99–05134–REC.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

California state prisoner Zackery D. Hunt appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that prison officials retaliated against him for exercising his First Amendment right to access the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998), and we affirm.

Summary judgment was proper on Hunt's access to the courts claim because Hunt failed to raise a genuine issue of material fact as to whether the denial of his request for extended access to the prison law library, and the disciplinary "128–B chrono" issued against him, were related to a legitimate penological interest. *See Bradley v. Hall,* 64 F.3d 1276, 1280 (9th Cir.1995).

Summary judgment was proper on Hunt's claim that the search of his cell had a chilling effect on his First Amendment rights because he failed to raise a genuine issue of material fact as to whether the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

actions of prison officials caused him an actual injury. *See Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir.2000).

**AFFIRMED.**

**Curtis CARLTON, Plaintiff—Appellant,**

**and**

**Vivian Hernandez, Plaintiff,**

**v.**

**CITY OF FRESNO; et al., Defendants—Appellees.**

No. 02–15056.

D.C. No. CV–01–05469–LJO.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).