UNITED STATES of America,
Plaintiff–Appellee,

v.

Shawn RODRIGUEZ, Defendant–
Appellant.

No. 02–30122.

D.C. No. CR–01–00099–SEH.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD and
PAEZ, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Shawn Rodriguez appeals his 230–month sentence imposed following his guilty-plea conviction to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Rodriguez contends that the district court erred by relying on hearsay statements contained in the pre-sentence report ("PSR") to attribute twelve pounds of methamphetamine to him for sentencing purposes.

First, Rodriguez argues that the district court erred by shifting the burden of proof to him to affirmatively show that the facts in the PSR were untruthful, inaccurate or unreliable. We conclude, based on a review of the record, that the district court properly weighed the evidence. *See United States v. Berry,* 258 F.3d at 971, 976–77 (9th Cir.2001) (concluding that a district court may rely on hearsay in a PSR if it is supported by minimal indicia of reliability).

Second, Rodriguez argues that the hearsay statements in the PSR are unreliable. We conclude, however, that the district court did not abuse its discretion by finding the statements reliable because they were corroborated, based on first-hand knowledge, and made by a source that had no reason to prevaricate. *See id.* ("[H]earsay statements by co-defendants that are consistent with each other may be deemed sufficiently reliable even if such statements are self-serving and contrary to the testimony of the defendant."); *United States v. Garcia–Sanchez,* 189 F.3d 1143, 1149 (9th Cir.1999) (considering whether the source possessed first hand

knowledge of the events as factor in reliability); *United States v. Marin–Cuevas,* 147 F.3d 889, 895 (9th Cir.1998) (considering whether the source had any reason to prevaricate as factor in reliability).

Based on our review of the record, the district court did not clearly err in its calculation of the drug amount for which Rodriguez was responsible. *See United States v. Asagba,* 77 F.3d 324, 325 (9th Cir.1996) ("District courts must make factual findings supported by a preponderance of the evidence in order to apply the sentencing guidelines.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

