MEMORANDUM ***
Defendant Charly Sion Hagege appeals following his resentencing, asserting numerous errors by the district court. We affirm.
We review for clear error whether a defendant obstructed justice by willfully obstructing or impeding the investigation, prosecution, or sentencing of an offense under U.S.S.G. § 3C1.1. See United States v. Mondello, 927 F.2d 1463, 1465 (9th Cir.1991). Reversal for clear error requires “a definite and firm conviction” that the district' court made a mistake. United States v. Asagba, 77 F.3d 324, 326 (9th Cir.1996).
The highly suspicious circumstances surrounding Hagege’s bond application, combined with the fact that the affidavits Hagege submitted provided him only partial absolution, prevent a definite and firm conviction that the district court erred in finding that Hagege obstructed justice under § 3C1.1.
Hagege argues that regardless of the contents of his bond application, he did not “knowingly produce[ ] fraudulent documents to the Court in order to secure his bond application.” (emphasis added). His argument cuts too fine. The presentence report and the district court used imprecise language, but both clearly articulated that under the totality of the circumstances Hagege obstructed justice as defined by § 3C1.1.
We review de novo whether a sentence is cruel and unusual in violation of the Eighth Amendment. See United States v. Fernandez, 388 F.3d 1199, 1258 (9th Cir.2004). The inconvenience and hardship Hagege experienced while awaiting his resentencing does not rise to the level of an Eighth Amendment violation. His reliance on Barker v. Wingo, 407 U.S. 514, 533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), is unavailing since Hagege was not incarcerated pre-trial.
We review de novo the legality of restitution orders. See United States v. *614 Baggett, 125 F.3d 1319, 1321 (9th Cir. 1997). Failure to comply with the procedural requirements of § 3664 “is harmless error absent actual prejudice to the defendant.” United States v. Cienfuegos, 462 F.3d 1160, 1163 (9th Cir.2006). The distriet court instructed the probation officer to credit $ 321,884.71 toward the restitution required of Hagege, who suffered no actual prejudice.
We review sentences for reasonableness. United States v. Marcial-Santiago, 447 F.3d 715, 717 (9th Cir.2006). The district court may treat the Guidelines range as “the starting point and the initial benchmark.” Gall v. United States, — U.S.-, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). The record indicates that the district court used the Guidelines as a starting point and did not presume the within-Guidelines sentence was reasonable. See United States v Carty, 520 F.3d 984’ 991-92, 993-94 (9th Cir.2008) (en banc). The district court’s discussion of the relevant § 3553(a) factors was adequate. See id. at 992 (“A within-Guidelines sentence ordinarily needs little explanation”).
Hagege's remaming assignments of error are without ment.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.