**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Wade B. COOK, Defendant—Appellant.**

No. 07–30289.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 2008.

Filed July 24, 2008.

**352**

Helen J. Brunner, Esq., Assistant U.S., Office of the U.S. Attorney, Robert Henry Westinghouse, Seattle, WA, Kurt P. Hermanns, USTA—Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

Angelo J. Calfo, Jordan Gross, Yarmuth Wilsdon Calfo, PLLC, Seattle, WA, for Defendant–Appellant.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Wade B. Cook appeals his conviction and sentence for income tax evasion, filing a false income tax return, and obstruction of

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although *Seawell* cautions a trial judge to limit further comments to avoid giving what

justice. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

## I.

The district court did not abuse its discretion by using an instruction patterned after the instruction approved by the Supreme Court in *Allen v. United States*, 164 U.S. 492, 501–02, 17 S.Ct. 154, 41 L.Ed. 528 (1896). *See United States v. Daas*, 198 F.3d 1167, 1179–80 (9th Cir.1999). Based on our de novo review of the record, it is not clear "that the charge had an impermissibly coercive effect on the jury." *United States v. Berger*, 473 F.3d 1080, 1089 (9th Cir.2007) (internal quotation marks and citation omitted); *see also Lowenfield v. Phelps*, 484 U.S. 231, 237, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988) (holding that the coercive effect of a supplemental instruction must be considered "in its context and under all the circumstances").

The district court did not err by polling the jury and by instructing it to continue deliberating once it determined that further deliberations might be fruitful. *See Daas*, 198 F.3d at 1180. The responses given during the polling did not establish that the jury was in fact hopelessly deadlocked. Under the circumstances, asking the jury to return to the jury room and to continue deliberations did not amount to giving a second *Allen* instruction in violation of *United States v. Seawell*, 550 F.2d 1159, 1163 (9th Cir.1977).[1]

## II.

We reject Cook's argument that admission of Laura Cook's sworn testimo-

---

would amount to an improper second *Allen* instruction, if a trial court is concerned about avoiding coercion, it would not be inappropriate to remind the jurors not to abandon honestly held views.

ny violated his Confrontation Clause rights, as described in *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Reviewing the record de novo, *United States v. Larson,* 495 F.3d 1094, 1101 (9th Cir.2007) (en banc), we conclude that Cook consented to the use of Laura Cook's testimony against him and therefore waived any Confrontation Clause argument. *See United States v. Goldstein,* 532 F.2d 1305, 1314–15 (9th Cir.1976). Moreover, even if Cook did not consent to the use of Laura Cook's testimony, we would still affirm because admission of the testimony was harmless beyond a reasonable doubt. *Larson,* 495 F.3d at 1107. Her testimony was not used to establish anything different from what was established by other evidence, notably Cook's own testimony. For example, Cook testified that (1) he signed a promissory note to Never Ending Wealth, L.P. for $3 million; (2) the Cooks borrowed money from NEW and documented the transfers as loans; and (3) the note was drafted "years ago" by Laura Cook.

### III.

Cook did not move to dismiss the indictment before trial. We therefore review the district court's decision denying Cook's post-trial motion to dismiss the indictment for plain error. *See United States v. Fernandez,* 388 F.3d 1199, 1217 (9th Cir.2004). Under this standard, we find no error. The district court found that the government instructed Cook's former attorney not to provide privileged information. Nothing in the record suggests that this finding was erroneous.

Even if the government did obtain some privileged information—a conclusion not compelled by the record—Cook voluntarily testified about his former attorney's advice

in a failed attempt to ward off indictment by the grand jury. Therefore, Cook waived any privilege that might have otherwise attached. *See United States v. Plache,* 913 F.2d 1375, 1379–80 (9th Cir. 1990).

### IV.

■ We also reject Cook's argument that the district court erred by declining to admit testimony regarding a redacted copy of a letter that Cook purportedly sent to his former law firm. Cook did not actually attempt to introduce the challenged testimony at trial. Instead, he decided not to do so when the district court declined to provide an advisory ruling about the scope of cross examination and/or the ramifications of the testimony on the attorney-client privilege. By deciding not to move forward with the testimony, Cook failed to preserve any right to argue about it on appeal.[2]

### V.

We review the district court's factual findings as to the loss calculation for clear error. *See United States v. Garro,* 517 F.3d 1163, 1167 (9th Cir.2008). The district court appropriately resolved disputed factual issues at sentencing, as it was required to do under Federal Rule of Criminal Procedure 32. *See United States v. Kilby,* 443 F.3d 1135, 1140 (9th Cir.2006). There is nothing in the record before us that would provide "a definite and firm conviction that a mistake has been made." *United States v. Asagba,* 77 F.3d 324, 326 (9th Cir.1996).

**AFFIRMED.**

---

2. For similar reasons, we deny Cook's motion to supplement the record.