WALLACE, Senior Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s conclusion that Hatcher failed to establish a fair and just reason for withdrawing his guilty plea. See Fed.R.Crim.P. 11(d)(2)(B). I also agree with the majority on the sentencing issues except that I part company with my colleagues’ decision to remand for resen-tencing. The question here is whether the district court committed clear error when it assessed a two-level leadership enhancement based on wiretap evidence introduced by the government at Hatcher’s sentencing. Because I lack a “definite and firm conviction” that the district court erred, I respectfully dissent. See United States v. Asagba, 77 F.3d 324, 326 (9th Cir.1996).
Although the government’s wiretap evidence is not like the smoking gun, it does support the district court’s finding that Hatcher directed his co-defendants’ activities. The wiretaps consist of several 1991 conversations in which Hatcher agreed to a series of drug deals with Timothy Bluitt. During these conversations, Hatcher generally arranged the terms of the transactions and repeatedly referred to one of his confederates, Spencer Henderson, as “my boy.” Admittedly, this designation is susceptible to various meanings; nonetheless, the sentencing court would not commit clear error by finding in the context of this case that this ambiguous title is suggestive of subservient status. See United States v. John Hoang Cao, 220 Fed.Appx. 902, 906, 908 (11th Cir.2007) (concluding that the defendant’s reference to a colleague as “my boy” supported the sentencing court’s decision to impose a four-level leadership adjustment). I would follow the Eleventh Circuit.
In another conversation involving a different drug delivery, Henderson referred to Hatcher as “Big Dog.” As with “my boy,” the “big dog” designation could have various meanings depending on context. Nonetheless, based on the context of the facts of this case, this title could easily be indicative of leadership. When used as a designation, “Big Dog” can be understood to mean “an important person.” See definition for Big Dog, Urban Dictionary, http://www.urbandictionary.com. Likewise, the term “Big Dawg,” which has the same pronunciation, often refers to an individual’s “status” within the leadership “hierarchy” of a gang. See id. When evaluating sentencing decisions, our precedent directs us to “uphold the district court’s factual findings used to support a sentencing enhancement” unless those findings are the product of clear error. See United States v. Mattarolo, 209 F.3d 1153, 1159 (9th Cir.2000). By rejecting, without any explanation, a reasonable interpretation of the terms “my guy” and “Big Dog,” the majority inserts its personal views into the *947 position of the factfinder and ignores the Mattarolo direction not to do so. See id.
Hatcher’s sentencing memorandum is also enlightening. There, Hatcher expressly conceded that he “instructed ” one of his co-defendants, Frederick Merrick, “to take [a] car to a gas station where the spare tire containing [ ] drugs would be given to Bluitt’s confederates.” This order, when read in conjunction with the wiretaps, further indicates that Hatcher had some degree of control over his co-defendants’ criminal conduct. See U.S.S.G. § 3Bl.l(c).
Thus, I fail to see the district judge’s error that the majority believes is so clear. The wiretap conversations indicate that Hatcher arranged all the details of the drug transactions at issue. Neither of Hatcher’s confederates ever negotiated with Bluitt. Instead, the record indicates that Hatcher’s “boys” simply carried out the transactions in a manner consistent with Hatcher’s prior arrangements. Based on this evidence, it can be inferred that Hatcher was the “Big Dog” leading the pack. See United States v. Panaro, 266 F.3d 939, 952 (2001) (upholding a role adjustment where the defendant exercised “decisionmaking authority” and where the “nature of the offense” indicated that he was the leader). I cannot say with any conviction, let a alone a definite and firm one, that the district court clearly erred by finding that Hatcher “was an organizer, leader, manager, or supervisor” pursuant to United States Sentencing Guidelines, section 3Bl.l(c).
I DISSENT.