**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50109 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00414-DSF-1 |
| v. | |
| DANIEL OSAZUWA, JR., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 4, 2011
Pasadena, California

Before: REINHARDT, WARDLAW, and BERZON, Circuit Judges.

Daniel Osazuwa appeals from a judgment of conviction following a jury trial.

He argues that the district court erred in denying his motion under *Batson v. Kentucky*,

476 U.S. 79 (1986), to prevent the government from exercising a peremptory strike

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

against a potential juror on the basis of her sexual orientation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As in *Johnson v. Campbell*, 92 F.3d 951 (9th Cir. 1996), "[w]e need not decide the question whether a challenge based on sexual orientation falls within the rule of *Batson*; we assume for purposes of decision that it does." *Id.* at 951. Even if *Batson* extends to sexual orientation, however, the district court did not clearly err in finding that Osazuwa had failed to carry his burden of showing purposeful discrimination.

As a threshold matter, we find that the district court did conduct the inquiry required at the third stage of the *Batson* framework: it "made a deliberate decision on the ultimate question of purposeful discrimination."[1] *United States v. Alanis*, 335 F.3d 965, 968 n.2 (9th Cir. 2003). The district court's analysis was by no means as thorough as would be desirable. But the judge did conduct a comparative-juror analysis when rejecting two of the government's proffered reasons as pretextual, before both stating that the third reason was legitimate and then "accept[ing]" it—that is, finding that it was an actual reason for the strike. In the end, the decision-making

---

[1] The first two stages of the *Batson* framework are not at issue here. Although the trial court never explicitly found that Osazuwa had made a prima facie showing of discrimination, the question is now moot. *Hernandez v. New York*, 500 U.S. 352, 359 (1991) (plurality opinion). And all three of the reasons that the government proffered for striking juror J.T.—that she was single, that she had never served on a jury, and that she had Nigerian friends—were clearly neutral as to her sexual orientation.

2

process was not so insufficient as to require de novo review of the issue of purposeful discrimination.

We therefore review for clear error the district court's determination that the government did not purposefully discriminate on the basis of juror J.T.'s sexual orientation. *Tolbert v. Page*, 182 F.3d 677, 680 n.5 (9th Cir. 1999). Review under this "standard is significantly deferential, requiring for reversal a definite and firm conviction that a mistake has been made." *United States v. Asagba*, 77 F.3d 324, 326 (9th Cir. 1996).

We lack such a definite or firm conviction here. Juror J.T.'s friendship with a Nigerian couple was at least plausibly "related to the . . . case," *Batson*, 476 U.S. at 98, in the sense that the prosecutor might reasonably have thought that it would make her more inclined to accept the defense theory that Osazuwa's altercation began with a cultural misunderstanding. The strongest sign of purposeful discrimination is that the government proffered two pretextual reasons for striking juror J.T.; the use of even one "'pretextual explanation naturally gives rise to an inference of discriminatory intent,' even where other, potentially valid explanations are offered." *Ali v. Hickman*, 584 F.3d 1174, 1192 (9th Cir. 2009) (quoting *Snyder v. Louisiana*, 552 U.S. 472, 485 (2008)). But the "evaluation of the prosecutor's state of mind based on demeanor and credibility lies 'peculiarly within a trial judge's province.'" *Hernandez*, 500 U.S. at

3

365 (plurality opinion) (quoting *Wainwright v. Witt*, 469 U.S. 412, 428 (1985)). Applying this deferential review, we cannot say that the district court clearly erred in holding that the Nigerian-friends explanation was "the prosecutor's genuine reason[] for exercising a peremptory strike, rather than [a] pretext[] invented to hide purposeful discrimination." *Green v. LaMarque*, 532 F.3d 1028, 1030 (9th Cir. 2008).

**AFFIRMED.**