**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ERMOVICK, | No. 10-56606 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-06018-JHN-VBK |
| v. | |
| MITCHELL SILBERBERG AND KNUPP LLP LONG TERM DISABILITY FOR ALL EMPLOYEES, an ERISA plan, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted March 7, 2012
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

James Ermovick ("Ermovick")  appeals the district court's judgment in favor

of Mitchell, Silberberg & Knupp, LLP, Long Term Disability Coverage for All

Employees ("the Plan"), a plan governed by the Employee Retirement Income

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Security Act of 1974 ("ERISA"), after a trial on the administrative record, in which the district court concluded that Ermovick was not eligible for benefits. Ermovick argues: (1) that the administrative record did not support the district court's conclusion, (2) that the district court applied a test for "disability" not found in the Plan, and (3) that the district court did not accord Ermovick a "full and fair review" as purportedly required by ERISA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ermovick filed a claim in the district court after Prudential Insurance Company of America ("Prudential"), which insured and administered the Plan, determined that Ermovick was not disabled under the Plan. The Plan stated that "[a]fter 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

"Where, as here, a district court has conducted a de novo review of an ERISA plan administrator's decision, we review the [district] court's factual findings only to determine whether they are clearly erroneous." *Muniz v. AMEC Constr. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010) (internal quotations marks and citation omitted). "Review under the clearly erroneous standard is

significantly deferential, requiring for reversal a definite and firm conviction that a mistake has been made. The standard does not entitle a reviewing court to reverse the finding of the trial court simply because the reviewing court might have decided differently." *United States v. Asagba*, 77 F.3d 324, 326 (9th Cir. 1996) (internal citations omitted).

Ermovick first argues that Judge Nguyen's decision was not supported by the administrative record. We disagree. Judge Nguyen's findings were not clearly erroneous because the administrative record amply supports that Ermovick was not disabled under the terms of the Plan. Nor are we persuaded by Ermovick's argument that Judge Nguyen applied an incorrect definition of disability. Having carefully reviewed the record, we conclude that Judge Nguyen applied the correct standard in the Plan for disability addressing whether, due to Ermovick's physical impairments, he was unable to perform "any gainful occupation for which [he is] reasonably fitted by education, training or experience." Upon her *de novo* review Judge Nguyen concluded that Ermovick could engage in gainful employment with a sedentary job and suitable accommodations.

Finally, Ermovick argues that he was denied a "full and fair review" as required by ERISA. That provision of the statute describes the obligation of a plan administrator. *See* 29 U.S.C. § 1133(2). Given Judge Nguyen's *de novo* review of

the administrative record, Ermovick was accorded the full, fair, and independent review of the district court. *See Muniz*, 623 F.3d at 1298 n.4 ("The district court conducted a de novo review of the record and thus did not accord any deference to [the plan administrator's] decision. The adequacy of [the plan administrator's] review is therefore not before this court."). Judge Nguyen did not give deference to Prudential's findings or conclusions, so Ermovick's arguments regarding Prudential's purported procedural misconduct are not relevant to our decision.

Similarly, Ermovick's argument that he did not have a chance to supplement the administrative record to provide additional evidence of the nexus between his injuries and his inability to engage in any gainful employment is not persuasive. Ermovick had to prove eligibility, but he did not proffer additional evidence during his third administrative appeal and did not ask to submit additional evidence to the district court before it conducted its *de novo* review.

**AFFIRMED.**