**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHERYL LESLIE,

         Plaintiff-Appellant,

v.

UNITED OF OMAHA LIFE
INSURANCE COMPANY, a corporation,

         Defendant-Appellee.

No.   14-56775

D.C. No.
2:13-cv-07056-GAF-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted October 21, 2016[**]
Pasadena, California

Before: TALLMAN, PARKER,[***] and CHRISTEN, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Cheryl Leslie appeals the district court's judgment, after a trial on the administrative record, in her action under the Employee Retirement Income Security Act ("ERISA"). Leslie challenges the denial of her long-term disability benefits claim under her employer's plan with United of Omaha Life Insurance Company ("United"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

This court reviews a denial of ERISA benefits *de novo*, *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 866 (9th Cir. 2008), and reviews the district court's underlying findings of fact for clear error, *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 733 (9th Cir. 2006) (citing *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc)). "Review under the clearly erroneous standard is significantly deferential, requiring for reversal a definite and firm conviction that a mistake has been made." *United States v. Asagba*, 77 F.3d 324, 326 (9th Cir. 1996) (citing *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993)).

1. **The District Court did not err by concluding that United used the proper definition of "Usual Occupation" in denying Leslie's claim.**

United's plan considers a claimant "Totally Disabled" when the claimant is "unable to perform with reasonable continuity the Substantial and Material Acts

2

necessary to pursue [his or her] Usual Occupation." Leslie claims that lifting forty to fifty pounds is a "Substantial and Material Act" necessary to her "Usual Occupation." The district court considered: (1) the broad language describing the "Substantial and Material Acts" required in a "Usual Occupation" in United's plan; (2) the vocational expert's findings that lifting forty to fifty pounds was not "generally required by employers from those engaged in Leslie's Usual Occupation," based on the Dictionary of Occupational Titles, and was not a "Substantial and Material task associated with the position"; and (3) Leslie's job description, by which her employer listed the "occasional" requirement of lifting forty to fifty pounds. Given these considerations, the district court did not err by finding that Leslie was not required to lift forty to fifty pounds as a substantial and material part of her occupation and concluding that United used the proper "Usual Occupation" definition.

**2.** **The District Court did not clearly err by finding that Leslie was not totally disabled by fibromyalgia from performing the substantial and material duties of her Usual Occupation.**

"[A] district court's determination of whether an individual is totally disabled within the meaning of an ERISA policy is essentially a factual question, subject to a 'clearly erroneous' standard of review." *Deegan v. Cont'l Cas. Co.*, 167 F.3d 502, 508 (9th Cir. 1999). We do not have "a definite and firm conviction

3

that a mistake has been made" in the district court's finding that Leslie was not totally disabled, for several reasons: (1) although the district court may have incorrectly discounted Dr. Sue Chung's Attending Physician Statement (APS) on the basis that the statement was written in response to United's denial, the district court also discounted Dr. Chung's APS on the basis that it was not consistent with the description of Leslie's condition in Dr. Chung's office notes; (2) other than Dr. Chung's APS, there was no evidence in the medical record that Leslie was restricted in her ability to lift, sit, stand, or walk, or otherwise perform the substantial and material duties of her occupation and Dr. Chung's office notes did not reflect these conclusions; (3) no other treating physicians placed any restrictions on Leslie's activities; and (4) numerous treating physicians, including Dr. Chung, noted that Leslie was in no acute distress and had a full range of motion. *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 880 (9th Cir. 2004) (finding a lack of acute distress may serve as an indication that a claimant suffering from fibromyalgia does not have "pain . . . so severe as to prevent her from doing her work"), *overruled on other grounds by Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc); *Asagba*, 77 F.3d at 326. Even if the district court had fully credited Dr. Chung's APS, the lack of supporting evidence indicates that Leslie did not meet her burden at the district

court to show total disability by a preponderance of the evidence. *See Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010) (holding that claimants bear the burden to prove entitlement to benefits at the district court). We therefore conclude the district court did not clearly err by finding Leslie was not totally disabled by fibromyalgia from performing the substantial and material duties of her Usual Occupation.

3.      **The district court clearly erred by finding that Leslie's fibromyalgia was a pre-existing condition not covered under the plan, but the error was harmless.**

United's plan does not cover disabilities if pre-existing conditions substantially contributed to the disabilities. United defines pre-existing conditions as situations where "[a claimant] received medical treatment, care or services for a *diagnosed* condition or took prescribed medication for a *diagnosed* condition in the first 3 months immediately prior to the effective date of coverage under this Policy" (emphasis added). Leslie's coverage began January 1, 2012, but the record shows no evidence that she had been diagnosed with fibromyalgia prior to April 2012. United concluded that Leslie's fibromyalgia was not a pre-existing condition, and it does not rely on that exclusion here.

Although the district court erred by concluding that Leslie's fibromyalgia was a pre-existing condition, this was an independent basis for denying Leslie's

claim. *See Weiser v. United States*, 959 F.2d 146, 147 (9th Cir. 1992) ("[This court] can affirm the district court on any grounds supported by the record.").  We therefore affirm the district court's ruling because the district court's error was harmless.

Each party shall bear its own costs associated with this appeal.

**AFFIRMED.**