UNITED STATES of America, Plaintiff—Appellant,

v.

Keith Johan MENNEN, Defendant—Appellee.

United States of America,
Plaintiff—Appellant,

v.

Trevor Frank Harris, Defendant—
Appellee.

No. 05–30339, 05–30353.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided April 18, 2006.

Joseph H. Harrington, Esq., USSP—
Office of the U.S. Attorney, Spokane, WA,
for Plaintiff–Appellant.

Frank Cikutovich, Stiley, Madel & Ciku-
tovich, Spokane, WA, for Defendant–Ap-
pellee.

Before: CANBY, GOULD, and BEA,
Circuit Judges.

MEMORANDUM *

The government appeals the 18–month
sentences Keith Mennen and Trevor Har-
ris ("Appellees") received after their guilty
plea convictions for conspiracy to possess
with intent to distribute 100 kilograms or
more of marijuana in violation of 21 U.S.C.
§§ 841(a)(1) and 846. We have jurisdic-
tion pursuant to 28 U.S.C. § 1291, and we
affirm.[1]

The government contends that the dis-
trict court erred in holding Appellees ac-
countable at sentencing for the amount of
marijuana each man carried across the
U.S.-Canada border rather than for the
total amount of marijuana carried by all of
the men with whom Appellees crossed the
border. We disagree.[2] As an initial mat-

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

1. Because the parties are familiar with the
facts and procedural history, we do not re-
state them here except as necessary to explain
our disposition.

2. We review factual findings made during
sentencing, including a determination of the
quantity of drugs involved in an offense, for
clear error. *Unitea States v. Asagba,* 77 F.3d
324, 325 (9th Cir.1996).

ter, the district court acted within its discretion in rejecting the stipulation in Appellees' plea agreements that Appellees' jointly undertaken involvement in the conspiracy involved 235.32 kilograms of marijuana. *See* U.S.S.G. § 6B1.4(d) ("The court is not bound by the stipulation, but may ... determine the facts relevant to sentencing."); *United States v. Howard,* 894 F.2d 1085, 1089 n. 2 (9th Cir.1990).

Further, the court did not err in finding that the conspiracies for which Mennen and Harris were convicted included only each man's individual agreement to transport marijuana across the border. *See United States v. Palafox–Mazon,* 198 F.3d 1182, 1187 (9th Cir.2000) (affirming the district court's finding that defendants who were led across the U.S.-Mexico border carrying backpacks of marijuana were accountable at sentencing for only the amount of marijuana each man carried because the record did not show that the defendants "intended to, would have, or did in any way coordinate their importation efforts for their mutual assistance and protection or aid and abet each other's actions." (internal quotations and alterations omitted)); *see also* U.S.S.G. § 1B1.3 comment. n. 2(c)(8). Appellees were recruited individually, taken separately to a meeting point, and led across the border. They did not participate in the planning of the trip, and there is no evidence in the record that Mennen or Harris either coordinated their efforts with ethers for mutual protection or helped the other drug traffickers during the trips. The district court did not err in finding each of the Appellees was accountable at sentencing

for only the amount of marijuana that he carried across the border.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.