**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan GARCIA–CORTEZ, Defendant—Appellant.**

No. 05–50269.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 25, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**618**

Becky S. Walker, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Douglas F. McCormick, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Juan Garcia–Cortez, Federal Correctional Institution, Taft, CA, J. Thomas Logan, Esq., Law Office of J. Thomas Logan, Pasadena, CA, Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

### MEMORANDUM **

Juan Garcia–Cortez appeals from the 168–month sentence imposed after his guilty-plea conviction for conspiracy to possess and distribute pseudoephedrine, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Garcia–Cortez contends that retroactive application of the remedial portion of *Unit-*ed States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), violated his due process rights and the ex post facto clause. Both contentions are foreclosed by *United States v. Dupas*, 419 F.3d 916, 920–21, 924 (9th Cir.2005), *and United States v. Staten*, 450 F.3d 384, 388 (9th Cir.2006).

Garcia–Cortez further contends the district court clearly erred by attributing to him the entire amount of pseudoephedrine seized by investigators. The court reasonably determined from telephone calls between Garcia–Cortez and his associates and from proffered admissions by a co-defendant that Garcia–Cortez agreed to purchase the entire amount. *See United States v. Asagba*, 77 F.3d 324, 326 (9th Cir.1996). Accordingly, it was not unreasonable for the district court to base the sentence on the entire amount of pseudoephedrine seized. *See United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.