FILED

**NOT FOR PUBLICATION**

MAR 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10474 |
| Plaintiff - Appellee, | D.C. No. 5:06-cr-00010-RMW-2 |
| v. | |
| HECTOR JAVIER MACIAS-VALENCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding

Submitted February 28, 2011[**]
San Francisco, California

Before: SCHROEDER, CANBY, and HAWKINS, Circuit Judges.

Hector Javier Macias-Valencia ("Macias") appeals his 132-month sentence for

conspiracy to possess with intent to distribute and attempted possession with intent

to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§§ 841(a)(1), 841(b)(1)(A)(viii) and 846. We affirm under the deferential clear error standard. *See United States v. Asagba*, 77 F.3d 324, 325-26 (9th Cir. 1996).

A district court's method of approximating the relevant quantity of drugs under the Sentencing Guidelines is reviewed de novo. *United States v. Chase*, 499 F.3d 1061, 1068 (9th Cir. 2007). The determination of the quantity of drugs involved in an offense is a factual finding reviewed for clear error. *United States v. Dallman*, 533 F.3d 755, 760 (9th Cir. 2009) (as amended); *Asagba*, 77 F.3d at 325. In a reverse-sting where no actual drugs are seized, the agreed-upon quantity serves as the approximated quantity for determining the offense level, excluding any amount a defendant like Macias is able to establish by a preponderance of the evidence that he "did not intend to . . . purchase, or was not reasonably capable of . . . purchasing." *See* U.S.S.G. § 2D1.1, Application Note 12 (1995).

We remanded Macias's first sentencing appeal so that the district court could determine whether this exclusion applied here, noting in particular that: (1) DEA Agent Alvarez, an experienced agent handling the transaction, believed the defendants only intended to purchase one-half pound at that time; and (2) Macias and his brother had only $4,689 with them, which could buy only slightly more than one-half pound of methamphetamine at "market" prices, according to Agent Alvarez.

The district court considered this evidence but ultimately was persuaded by an audio recording of Macias's conduct at the buy-bust that Macias had the intent to consummate the transaction for one pound "either by subterfuge or by . . . getting an advance," and that there was no evidence showing Macias was incapable of executing his intent given his experience and sophistication participating in drug deals. Under our deferential standard of review, we cannot say this was clear error.

The sentence is also substantively reasonable, as Macias's 132-month sentence, which the district court reduced from 151 months to account for Macias's rehabilitation efforts, already falls within the Guidelines range for an offense involving only one-half pound of methamphetamine.[1] *See United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008).

**AFFIRMED.**

---

[1]     One pound equals approximately 454 grams.  A half-pound of methamphetamine mixture with a 60 percent purity level equals approximately 136 grams of actual methamphetamine, which would yield a sentencing range of 121 to 151 months, based on Macias's criminal history, in contrast to the 151 to 188 month range calculated by the district court.