NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> JOSE ALCARAZ GUERRERO, AKA Kruz, <br><br> Defendant - Appellant. | No. 23-1974 <br><br> D.C. No. 2:22-cr-00299-FLA-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted October 16, 2024[**]

Before:     SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Jose Alcaraz Guerrero appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

two counts of being a felon in possession of firearms and ammunition, in violation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Guerrero contends that the district court procedurally erred by (1) imposing the sentence to promote his rehabilitation; (2) failing to address his nonfrivolous arguments for a within-Guidelines sentence; and (3) relying on clearly erroneous facts. Because Guerrero did not raise these claims below, we review for plain error. *See United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013).

The district court did not plainly err. The record reflects that the court did not impose or lengthen Guerrero's sentence to promote his rehabilitation. *See Tapia v. United States*, 564 U.S. 319, 334 (2011) ("A court commits no error by discussing the opportunities for rehabilitation within prison[.]"). Moreover, the court considered Guerrero's mitigating arguments and explained in detail why it did not believe they supported a shorter sentence. Finally, Guerrero has not shown any clear error in the court's factual findings at sentencing, *see United States v. Asagba*, 77 F.3d 324, 325-26 (9th Cir. 1996), or a "reasonable probability" that the court would have imposed a lower sentence absent any of the alleged procedural errors, *see United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Guerrero also argues that his above-Guidelines sentence is substantively unreasonable because it creates a sentencing disparity with other similarly situated defendants and because the district court placed too much weight on the

aggravating factors—which are already accounted for in the Guidelines calculation—and too little weight on the mitigating factors. The court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The weight given to the aggravating and mitigating factors in a particular case is for the district court to determine. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). And, the court did not engage in impermissible double-counting by concluding that the Guidelines range did not sufficiently account for Guerrero's history and the nature of his offense. *See Christensen*, 732 F.3d at 1100-01. Under the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, particularly the seriousness of the offense and the need to protect the public and to deter future criminal conduct, the sentence is substantively reasonable. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**